UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON BROOKS,

    Plaintiff,

v.

H&P CAPITAL, INC.,

    Defendant.

    CASE NO.

_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SHARON BROOKS ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, H&P CAPITAL, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Orlando, Orange County, Florida and

is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Jacksonville, Florida.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt for a loan.

12. Defendant contacts Plaintiff from telephone number 904-418-5000.

13. Defendant represented itself as a legal firm and a 'processing agency' to Plaintiff.

14. Defendant failed to identify itself as a debt collector.

15. Defendant stated to Plaintiff, "you have 24 hours to get the money together."

16. Defendant threatened to file a lawsuit against the Plaintiff. To date no lawsuit has been filed.

17. Defendant's agent represented himself as an attorney.

18. Defendant's agent asked Plaintiff where she lived and if Plaintiff was at home.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

   b) Defendant violated *§1692d(1)* of the FDCPA by threatening the use of violence or other criminal means to harm the consumer or his/her property.

   c) Defendant violated *§1692e* of the FDCPA by false, deceptive, or misleading representation or means in connection with the debt collection.

   d) Defendant violated *§1692e(3)* of the FDCPA by misrepresenting that any individual is an attorney or that any communication is from an attorney.

   e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   f) Defendant violated *§1692e(10)* of the FDCPA by any false representation or deceptive means to collect a debt or obtain information about a consumer.

   g) Defendant violated *§1692e(11)* of the FDCPA by failing to communicate the mini-Miranda warning: "This is an attempt to collect a debt.....communication is from a debt collector."

   h) Defendant violated *§1692e(14)* of the FDCPA by using any name other than the true

name of the debt collector's business.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

22. Any other relief that this court deems to be just and proper.

DATED: February 3, 2011                    RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
FBN: 119768
Attorney for Plaintiff
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHARON BROOKS hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, SHARON BROOKS, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHARON BROOKS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/5/10

_Sharon Brooks_
SHARON BROOKS,
Plaintiff

VERIFIED COMPLAINT                                                     5